IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WAYNE FERNANDO PARKER, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) <br> ) | Civ. No. 07-00935-CV-W-NKL-P <br> Crim. No. 00-00467-01-CR-W-NKL |

**ORDER**

Pending before the Court is Movant Wayne Fernando Parker's ("Parker") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Motion will be denied.

**I.    Background**

On December 14, 2000, Parker, a Jamaican citizen, was charged in a three-count indictment with conspiracy to distribute marijuana; aiding and abetting in the distribution of marijuana; and money laundering. On June 7, 2006, before United States Magistrate Judge Robert E. Larsen and in the presence of his appointed defense counsel, Lisa Nouri ("Nouri"), Parker plead guilty to Count I of the indictment. Parker changed his plea pursuant to a plea agreement with the Government. Nouri affirmed that the parties consented to "proceeding before [Judge Larsen] in the absence of Judge Laughrey in this

1

case."  (Plea Tr. 2-3).  During the change of plea hearing, Judge Larsen asked Parker if he wished to plead guilty to Count I of the indictment, and explained that the indictment charged Parker with conspiracy to distribute marijuana.  Parker answered in the affirmative.  (Plea Tr. 3-4).  Judge Larsen informed Parker of the range of sentences carried by Count I, as well as the rights that he would be waiving by pleading guilty.  (Plea Tr. 4-9).  Judge Larsen specifically notified Parker that the Court was not bound by the Sentencing Guidelines estimations.  (Plea Tr. 19-20, 22).  Parker further acknowledged that no promises as to the sentence had been made to induce his guilty plea.  (Plea Tr. 23).  In addition, Parker testified that he was happy with Ms. Nouri's performance and that she had not done or failed to do anything that Parker "want[ed] to complain about."  (Plea Tr. 24).  All of this testimony was given under oath.  Judge Larsen found that Parker's plea was voluntarily given and recommended that this Court accept Parker's change of plea.  (Doc. 193).  On June 12, 2006, this Court accepted Parker's plea.  (Doc. 197).

On September 12, 2006, Parker requested replacement of his court-appointed counsel and sought to withdraw his guilty plea.  (Doc. 199).  On September 21, 2006, after a hearing on the matter, the Court appointed David A. Kelly ("Kelly") to represent Parker and terminated Nouri's representation because she could not serve as both a witness and attorney of record.  (Doc. 203).  On October 9, 2006, Kelly filed a motion on Parker's behalf to withdraw his guilty plea.  (Doc. 205).  Parker, through his newly-

appointed counsel, argued that his plea was not knowing and intelligent, as required by the U.S. Constitution.

On October 16, 2006, an evidentiary hearing was held regarding the motion to withdraw his guilty plea. (Doc. 207). During that hearing, Parker voluntarily withdrew the motion to withdraw his guilty plea, and acknowledged that his plea was knowing and voluntary. (Doc. 207). Parker did not appeal his sentence, abiding by the binding waiver in the plea agreement.

On December 7, 2006, the Court sentenced Parker to 120 months' imprisonment for conspiracy to distribute marijuana followed by three years of supervised release. The Court also ordered Parker to pay to the United States criminal monetary penalties of $100 but did not require Parker to pay a fine or restitution. The Government dismissed the remaining counts against Parker. (Doc. 211).

Parker now has filed a motion under 28 U.S.C. § 2255 seeking relief on four grounds: (1) that he was denied due process of law when he pled guilty before a magistrate judge and not a district court judge and; (2) that counsel should have objected to the change of plea taking place in front of a magistrate judge; (3) that his counsel was ineffective for failing to object to the enhancements found in the presentence report; and (4) that his counsel should have renegotiated his plea agreement that prior counsel negotiated.

## II. Discussion

### A. Waiver

Pursuant to the plea agreement, Parker pleaded guilty to Count I of the indictment and, among other things, agreed that he "expressly waives the right to appeal his

3

sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum, or an illegal sentence." A waiver of appeal and post conviction relief is enforceable unless the sentence is illegal, would constitute a miscarriage of justice, or resulted from ineffective assistance of counsel. *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000).

Parker does not contend that his counsel was ineffective in negotiating the waiver provision. At sentencing, Parker had his attorney read a statement accepting "full responsibility for [his] actions." (Sentencing Tr. 26-27). Moreover, Kelly noted that Parker's "right to appeal both either direct or collateral was waived." *Id*. at 30. Parker has not shown that his sentence is illegal or the terms of his plea agreement resulted in an injustice. Therefore, Parker waived his right to appeal his sentence and to pursue this collateral action to vacate his conviction. Nonetheless, even in the absence of waiver, Parker has failed to establish that his conviction should be vacated.

### B. Parker's Guilty Plea before Judge Larsen

Parker's motion is primarily concerned with the allegation that he was denied due process of law when he entered his guilty plea in front of a magistrate judge instead of an Article III judge. (Doc. 11, 2-4). At his initial change of plea hearing, Judge Larsen stated: "I'm assuming that everybody is consenting to proceeding before me in the absence of Judge Laughrey in this case. Is that the case?" Parker's counsel, Nouri, responded, "Yes, Your Honor." (Plea Tr. 2-3). Parker raised no objection to Judge Larsen's question nor to Nouri's response.

4

In *United States v. Torres*, 258 F.3d, 791, 795 (8th Cir. 2001), the Eighth Circuit, relying on decisions from the Second and Fifth Circuits, concluded that, "[w]hen Torres consented to have the magistrate judge hear his plea, he waived any personal right to have an Article III judge do so." *United States v. Torres*, 258 F.3d, 791, 795 (8th Cir. 2001) (citing *United States v. Williams*, 23 F.3d 629 (2d Cir. 1994); *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997)). The Eighth Circuit specifically cited the Fifth Circuit's holding in *Dees* that because it had previously found "that evidentiary proceedings to determine the voluntariness of a plea fall within the [Magistrate] Act's explicit assignment of duties," and because a plea allocution is a "substantially similar" procedure, allocution is a permissible additional duty under § 636(b)(3). *Dees*, 125 F.3d at 265. Parker argues that there is no evidence that he consented to have Judge Larsen accept his guilty plea and "without the consent of the defendant, the United States Magistrate may not accept a plea of guilty in a felony case." (Doc. 11, 4).

The Court disagrees. Parker consented to have his plea taken by Judge Larsen not only at his initial hearing on June 7, 2006, when he made no objection to Judge Larsen's question nor his counsel's reply, but also at his hearing on October 16, 2006, when he stated in front of Judge Larsen that "[m]y lawyer now explain[ed] in detail[] and explain[ed] everything to me . . . pertaining to the 5K1 and how it works and stuff like that. So, I understand, sir." (Second Plea Tr. 5). Even if there were some question as to Parker's explicit consent, Parker was afforded all of the procedural guarantees announced under *Torres*:

5

> After the magistrate judge conducted the plea colloquy, he submitted his report and recommendation to the district court and notified the parties of their right to file objections. The district court then conducted a *de novo* review of the magistrate judge's recommendation before entering the conviction. This is precisely the procedure authorized by *Williams* and *Dees*. *Id*. at 796.

Therefore, even if Parker did not consent to Magistrate Larson taking the plea, his rights have not been violated.

### C. Ineffective Assistance of Counsel

In order to succeed on a claim of ineffective assistance of counsel, the Supreme Court has held that a petitioner must demonstrate (1) that his counsel's performance was constitutionally deficient, and (2) that the deficiency prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, the petitioner must show that "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995). Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This showing must include an analysis of the probability that the relief would have been granted by the Court. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (if there is no reasonable probability that the motion would have been successful, movant cannot prove prejudice).

Because the Court has concluded that Parker's plea was properly taken before

6

Judge Larsen under *Torres*, Ms. Nouri's performance was not constitutionally deficient and Parker's second claim for relief - that Nouri, or Kelly, should have objected to giving the plea before a magistrate judge - must fail.

Furthermore, Parker has not shown any possibility of prejudice by the conduct of his defense counsel. The record is clear that Parker was given a more lenient sentence than the 135 to 168 months originally advised under the Sentencing Guidelines. Judge Larsen permitted Parker to obtain new counsel after Parker complained and filed a *pro se* motion to withdraw his guilty plea. (Second Plea Tr. 3-4). The Government filed a motion for downward departure because the prosecutor "gave [his] word" based on an erroneous assumption that Parker had given the Government useful information related to the drug conspiracy after 12 hours of discussions. (Sentencing Tr. 21). In fact, it now appears that Parker has not been particularly helpful to the Government. (Sentencing Tr. 5-6).

Nor does the Court believe that Parker's sentence was unjustifiably enhanced for his role in the offense. The Government produced evidence supporting Parker's leadership role and the enhancements were not given, as Parker claims, as an exclusive exchange for not requesting enhancements based on the possession or use of firearms. (Sentencing Tr. 14, 28). Indeed, the Court acknowledged that, without consideration of the fact that he faced deportation after release, "[Parker] should have been sentenced at the high end of the guideline and not the low end." (Sentencing Tr. 28).

Parker cannot show any prejudice as a result of his attorneys' alleged failures.

7

Indeed, there is a reasonable probability that, if Parker had not already waived his right to appeal, he may fare worse upon re-sentencing. *See United States v. Berberich*, 254 F.3d 721, 724-25 (8th Cir. 2001); *Ryan v. United States*, 97 F. Supp.2d 190, 195 (D. Mass. 2000).

## III. Conclusion

Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

IT IS SO ORDERED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: May 20, 2008
Kansas City, Missouri